# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

**COURT FILE NO.: CV - <u>20-cv-60336</u>**

---

CHRISTINA ELKIND

      Plaintiff,                                  **VERIFIED COMPLAINT**

  -against-

HUGHES, MARTINI & ASSOCIATES, LLC
d/b/a MARTINI, HUGHES & GROSMAN

      Defendant.

---

For this Complaint, the Plaintiff, CHRISTINA ELKIND by and through undersigned counsel, states as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692(d), 15 U.S.C. § 1692(e), 15 U.S.C. § 1692(f), 15 U.S.C. § 1692(g).

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and the Florida Consumer Collections Practices Act, Florida Statute (hereinafter "FCCPA").

3. Venue and personal jurisdiction are proper in this District because a substantial part of the events and omissions giving rise to the claim occurred within this District because:

      A. Defendant's collection communications were received by Plaintiff in this district;

      B. Defendant does or transacts business in this district;

      C. Plaintiff resides in this district.

## PARTIES

4. The Plaintiff, CHRISTINA ELKIND is an adult individual residing in Boca Raton, and is a *"consumer"* as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, HUGHES, MARTINI & ASSOCIATES, LLC, d/b/a MARTINI, HUGHES & GROSMAN (hereinafter "MHG"), is a Florida Limited Liability Company with its principal place of business located at 955 NW 17th Ave, Bldg. A, Delray Beach, FL 33445, operating as a collection agency, and is a *"debt collector"* as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendant HUGHES, MARTINI & ASSOCIATES, LLC. (hereinafter "MHG") at all times acted by and through one or more of its Collectors, agents and/or employees.

## FACTUAL ALLEGATIONS

### A. Defendant Engaged in Harassment and Abusive Tactics

7. At a time unknown to the Plaintiffs, a personal debt was allegedly incurred by the Plaintiff for some past due bills that the proposed original creditor in this matter believed to be due for home improvement and/or repair services, thus arising out

of transactions that were primarily for personal, family and household purposes.

8. At a time unknown to the Plaintiff, the aforementioned debt (which the Plaintiff disputes was consigned, placed or otherwise transferred to Defendant for collection.

9. Upon information and belief; sometime on or about December 31, 2019, Defendant began calling Plaintiff in an effort to collect a personal obligation alleged to be due by Plaintiff.

10. Upon information and belief; after the Defendant's initial telephonic communication initiated by the Defendants on December 31, 2019 with the Plaintiff, an initial 30-day notice was sent to Plaintiff by Defendant. The notice is dated January 10th, 2020 (A full 11 days after the initial contact of Defendant to Plaintiff. Additionally, the postmark on the envelop in which the notice was contained is dated January 14th, 2020 (a full fifteen (15) days after the initial contact initiated by Defendant to Plaintiff in order to collect a debt.

11. On or about January. 16th, 2020, undersigned counsel contacted and had occasion to speak with Mr. Ed Stewart, a representative of Defendant, and undersigned counsel was advised by Mr. Stewart that the 30-day notice was sent to Plaintiff on January 10th, 2020 and that a copy of the same would be forwarded via e-mail to undersigned counsel as a representative of the Plaintiff.

12. The alleged copy of the 30-Day validation notice letter was received the same day by undersigned counsel and was dated December 31st, 2019. *(The letter if*

*authentic would be in compliance with the validation notice requirement of the FDCPA).*

13. However, upon information and belief the letter received by e-mail at undersigned counsel's office *(which was to be a duplicate of a letter allegedly sent to Plaintiff)* was a deliberate fabrication and attempt by Defendants to deceive undersigned counsel and ultimately the Plaintiff into believing that the Defendants did not commit any violation of the FDCPA.

14. The Plaintiff did not actually receive the letter in question until January 21st, 2020 *(a full 22 days after the initial contact by the Defendants in regards to this collection attempt).*

15. As aforementioned the letter that was actually received had the date of January 10th, 2020 on the letter itself and was postmarked on January 14th, 2020.

16. Additionally and upon information and belief Defendants called Plaintiff during working hours on her cellular telephone.

17. Upon information and belief Defendants attempted to collect a debt which was not owed, or in the alternative if an amount was owed, the Defendant attempted to collect a debt significantly higher than that which was owed. Indeed, it is clear from the lack of any signed contract or Judgment in this matter that the Defendants mischaracterized and were misleading in both there telephonic and written forms of communication and collection to the Plaintiffs in representing that a debt was actually owed when no contract or judgment existed in this instance. The legal

authority of the Defendants to collect such an unverified debt was also greatly misrepresented.

18. Upon information and belief, Defendant in order to evade prosecution has changed its registered company name several times with the latest being HUGHES, MARTINI & ASSOCIATES, LLC., however the company on its letterhead and website uses the name *"Martini, Hughes & Grossman."* in order to confuse and deter potential litigants.

### B. Plaintiff suffered Actual Damages

19. The Plaintiff has suffered and continues to suffer actual damages as result of the Defendant's unlawful conduct.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.

22. Defendant's conduct violated the FDCPA in multiples ways, including but not limited to, the following:

23. The Defendants' conduct violated 15 U.S.C. § 1692(c) in that Defendants

contacted Plaintiffs at an unusual time and place.

24. Contacting the Plaintiffs at a place and during a time known to be inconvenient for the plaintiff in violation of 15 U.S.C. § 1692 c (a)(1).

25. Engaging in conduct the natural consequences of which is to harass, oppress for abuse Plaintiff in connection with the debt plaintiff does not owe in violation of 15 U.S.C. § 1692(d).

26. By causing the phone to ring and engaging Plaintiff in telephone conversations repeatedly in violation of 15 U.S.C. § 1692(d)(5).

27. The Defendants' conduct violated 15 U.S.C. § 1692(e) in that representatives of MHG intentionally misled and misrepresented Plaintiffs' legal rights by failing to send a timely notice as well as representing a debt was due and owing without the presence of either a judgment nor a contract in this matter. Additionally, the Defendants provided misleading information in regards to their own violations of the FDCPA by providing false information about when the 30-Day Validation letter was sent, by providing altered and otherwise forged documentation of the validation letter and thereby hindering and or misleading the Plaintiff about her legal rights and remedies against the unlawful collection efforts of the Defendants.

28. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692(f).

29. Failing to send Plaintiff a 30-day validation notice within five (5) days of the initial December 31, 2019 communication in violation of 15 U.S.C. § 1692(g).

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PROGRAM ACT (FCCPA)

30. Defendant's conduct violated the FCCPA in multiples ways, including but not limited to, the following:

31. 559.72 (7) which states that conduct is in violation of the act where the Defendant: "*...willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*"

32. 559.72(9) which states that conduct is in violation of the act where the Defendant: "*Claim[s], attempt[s], or threaten[s] to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*"

## COUNT III
## Fraud

33. The Defendants attempted to defraud the Plaintiff by falsifying their records and submitting those records, attempting to show that they did not violate the FDCPA. The Defendants had knowledge of their wrongdoing and intended to defraud the Plaintiff into making her believe that they didn't have the legal remedies to which she's entitled. It was reasonable for the Plaintiff to believe that the docuemnts provided to them by Defendants were true and correct and the Defendants by their actions caused damages to Plaintiff.

34. By the actions described herein the Defendants are liable for Fraud to the Plaintiff.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for an award of statutory damages pursuant to FLORIDA CONSUMER COLLECTION PROGRAM ACT.

- for an award of reasonable attorneys fees and the costs of litigation pursuant to FLORIDA CONSUMER COLLECTION PROGRAM ACT.

- for an award of actual damages pursuant to FLORIDA CONSUMER COLLECTION PROGRAM ACT.

- for an award of actual damages for FRAUD.

- For an award of treble damages for FRAUD.

- for an award of reasonable attorneys fees and the costs of litigation pursuant to

FRAUD.

- for such other and further relief as may be just and proper.

Dated: February 11th, 2020                Respectfully submitted,

                                                ___*/s/ Mikhail Usher*_____
                                                Mikhail Usher, Esq.
                                                USHER LAW GROUP, PC.
                                                Attorneys for Plaintiff
                                                2711 Harway Avenue
                                                Brooklyn, NY 11214
                                                Telephone:  (718) 484-7510
                                                Facsimile:   (718) 865-8566
                                                musheresq@gmail.com